**B. A. LOTT, INC., a Florida corporation, v. EDGAR H. PADGETT**

14 So. (2nd) 669                                                        June Term, 1943
July 9, 1943                                                                    En Banc
Rehearing Denied August 3, 1943

*Leo Rosen* and *Ward & Ward,* for appellant.
*Redfearn & Ferrell,* for appellees.

ADAMS, J.:

This is a companion case to B. A. Lott, Inc., v. Padgett, Baldwin, et al., disposed of at this term. The purpose of the suit is for an accounting, the determination of claims of creditors against partnership assets, and the distribution of the surplus, if any, to the parties entitled thereto.

Under the same deficiency decree referred to in the companion case the U. S. Marshall levied upon and sold appellee's

undivided interest, as a partner, in a partnership business. Appellant was the purchaser at the execution sale and filed this suit for the relief mentioned. The chancellor dismissed the bill and this appeal is to review such ruling. The question is whether a judgment debtor's undivided interest in a partnership can be reached by execution.

We know of no law in this State to aid in answering this question. There is a diversity of opinions elsewhere. Theoretically, the partnership assets are vested in the partnership entity. No one partner has a right to possess any of the partnership property to the exclusion of the other partners. The interest of each partner is that undivided portion of the partnership assets which may remain after all partnership debts are paid. Succession of Piclher (La.) 1 So. 929; Townsend v. Payne, et al., (La.) 8 So. 626; First Nat. Bank of Shreveport v. Davis, et al., (La.) 147 So. 93; 40 Am. Jur. page 447; Modern Law of Partnership by Rowley, Sections 830 and 831.

Section 55.20, Fla. Stat. 1941, provides:

"Property subject to execution.—Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporation, shall be subject to levy and sale under excution."

The language of the statute is sufficiently comprehensive to authorize a sale under execution of the judgment debtor's partnership interest in the firm. Once that interest is sold the partnership is at an end and the purchaser at execution sale becomes the owner of the property interest of the judgment debtor, subject to the burden of its proportionate share of the firm debts. There can be little dispute but that the execution purchaser is authorized to maintain a bill in equity to have his newly acquired property interest ascertained and adjudicated, and the property sold, the partnership debts paid, and the surplus divided between the parties in accordance with their proportionate interests. See authorities cited *supra*.

The decree appealed from is therefore reversed.

BUFORD, C. J., TERRELL, THOMAS and SEBRING, JJ., concur.

CHAPMAN, J., concurs specially.

BROWN, J., dissents.

CHAPMAN, J., concurring specially:

I agree to the reversal order but think the appellant should be permitted to file an amended bill of complaint seeking or praying for relief in conformity with the opinion of the Court.