335 So.2d 343 (1976)
Donald L. MYRICK and Betty L. Myrick, Appellants,
v.
SECOND NATIONAL BANK OF CLEARWATER, Appellee.
No. 76-627.
District Court of Appeal of Florida, Second District.
July 16, 1976.
*344 Harold S. Wilson, Clearwater, for appellants.
Emil G. Pratesi of Richards, Nodine, Gilkey, Fite, Meyer & Thompson, Clearwater, for appellee.
SCHEB, Judge.
In this interlocutory appeal, appellants/defendants Donald L. Myrick and Betty L. Myrick, challenge the trial court's denial of their motion to set aside a levy and cancel the notice of sale of their partnership interest in Port Richey Shopping Village. They contend their rights in the partnership and its property are not subject to levy under Fla. Stat. § 56.061, and can only be reached by the appellee/plaintiff judgment creditor through a charging order under Fla. Stat. § 620.695. We agree and reverse.
Plaintiff Second National Bank of Clearwater sued the defendants in two counts. Count I was an action on four unpaid promissory notes and sought damages from Donald L. Myrick. In Count II, the plaintiff Bank sought damages against Betty L. Myrick as guarantor on those notes. After default the trial court entered a final judgment, as amended on December 4, 1975, for $81,348.24 against the defendants. While an appeal from that judgment was underway, the plaintiff instructed the sheriff to levy on the defendants' interest in the partnership known as Port Richey Shopping Village, a joint venture. On April 19, 1976, the trial court denied the Myricks' motion to set aside the levy and cancel the notice of sale, holding:
"... that a partnership interest is property as defined in Florida Statute 56.061, that is subject to levy and sale under execution and that Lott v. Padgett, [153 Fla. 308,] 14 So.2d 669 has not been superseded by the Uniform Partnership Act, and ... is controlling . ."
This appeal ensued.
We think the trial judge's reliance upon Lott v. Padgett was error. Lott, decided by our Supreme Court in 1943, correctly stated the common law that a debtor's interest in a partnership was susceptible to being seized by legal process; however, this doctrine was superseded by adoption of the Uniform Partnership Act (U.P.A.) in 1973. Fla. Stat. § 620.56, et seq. The U.P.A. changed the common law nature of a partnership interest. Under Fla. Stat. § 620.685, a party's interest in the partnership is personal property; i.e., his share of the profits and all surplus. And § 620.575(3) provides that the new Act shall be interpreted and construed as to make uniform the law of those states which have enacted it; therefore, the maxim of statutory construction that statutes in derogation of the common law are to be strictly construed is inapplicable.
Section 620.695(1) of the act provides:
On application to a court having jurisdiction by any judgment creditor of a partner, the court may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment with interest, and may then or later appoint a receiver of his share of the profits and of any other money due or to become due to him from the partnership, and make all other orders to take the actions that the debtor partner might have made or that the circumstances of the case may require.
Plaintiff argues that § 620.695 merely furnishes a creditor with an additional remedy and that while specific partnership *345 property may be exempted from execution under a claim against the partnership under § 620.68, that nevertheless the U.P.A. does not limit the rights of creditors with respect to a partner's interest in the partnership.
The point is one of first impression in Florida since Florida's adoption of the U.P.A. Section 620.695 is adopted from Section 28 of the Act and it has been held that its purpose is to protect non-debtor partners. Evans v. El Dorado Improvement Co., 1975, 46 Cal. App.3d 84, 119 Cal. Rptr. 889. The distinction for which plaintiff argues appears inconsistent with the language of Section 28 as to the proper method for a judgment creditor to reach the interest of a partner in the partnership. While "foreclosure" of the partnership interest is contemplated under the Act, see Fla. Stat. § 620.695(2), we do not think this provision justifies an immediate levy and sale. Rather, the charging order is the essential first step, and all further proceedings must occur under the supervision of the court, which may take all appropriate actions, including the appointment of a receiver if necessary, to protect the interests of the various parties. The reason for prohibiting a levy on partnership assets for debts of individual partners is to prevent disruption of the partnership business and the consequent injustice to other partners, Evans, supra. These same considerations weigh against immediate levy and sale of a partner's share in the partnership when less disruptive measures may afford the same and perhaps even a greater level of protection to a judgment creditor.
California and New York have rejected the contention made by plaintiff here, that a levy on a partner's interest in the partnership is permissible under the Act. Baum v. Baum, 1959, 51 Cal.2d 610, 335 P.2d 481; Sherwood v. Jackson, 1932, 121 Cal. App. 354, 8 P.2d 943; Weisinger v. Rae, N.Y. Sup. Ct. 1959, 19 Misc.2d 341, 188 N.Y.S.2d 10. Other cases decided under the U.P.A. state that a charging order is the proper procedure to reach the partnership interest. Riegler v. Riegler, 1967, 243 Ark. 113, 419 S.W.2d 311; Buckman v. Goldblatt, 1974, 39 Ohio App.2d 1, 314 N.E.2d 188. We have not been cited and our own research has not developed any cases holding to the contrary. See also 60 Am.Jur.2d, Partnership, § 348.
Accordingly, the order denying the defendant's motion to set aside levy and cancel notice of sale is vacated and the cause is remanded to the trial court for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and GRIMES, J., concur.