351 So.2d 1106 (1977)
Ernest C. KRAUTH, Appellant,
v.
FIRST CONTINENTAL DEV-CON, INC., a Delaware Corporation, and First Federal Savings and Loan Association of the Palm Beaches, a Corporation Existing under the Laws of the United States of America, Appellees.
No. 76-2336.
District Court of Appeal of Florida, Fourth District.
November 9, 1977.
*1107 Freeman W. Barner, Jr., of Cromwell & Remsen, Riviera Beach, for appellant.
Douglas C. Zahm of Wood, Cobb, Murphy & Craig, West Palm Beach, for appellee-First Federal.
ALDERMAN, Chief Judge.
This appeal presents a question of priority among unsecured judgment creditors who seek to charge the partnership interest of their judgment debtor with payment of their unsatisfied judgments pursuant to Section 620.695, Florida Statutes (1975).
First Federal Savings and Loan Association of the Palm Beaches obtained a deficiency judgment against First Continental Dev-Con, Inc., and in February 1976 brought an action to charge First Continental's interest in a general partnership known as Fleur de Lis Company with payment of the judgment. Ernest C. Krauth also obtained a judgment against First Continental; in April 1976 Krauth moved to intervene in the suit that had been initiated by First Federal, and he was designated a plaintiff in the action. A default was subsequently entered against the defendant, First Continental, and the trial court entered a Charging Order, which read in pertinent part:
ORDERED AND ADJUDGED that the interest of Defendant-FIRST CONTINENTAL DEV-CON, INC., in all profits or any other money due or to become due to Defendant from Fleur de Lis Company, a Florida general partnership, is hereby charged with payment in full of the unpaid portion of Plaintiff-FIRST FEDERAL's Deficiency Judgment... . Any monies remaining after payment of that judgment shall be applied toward payment of the unpaid portion of Plaintiff/Intervenor-KRAUTH's judgment... .
Krauth brought this appeal, arguing that the charging order should have provided for a pro rata division of First Continental's partnership interest rather than applying a priority method to give First Federal the right to full payment of its judgment before Krauth could get anything. We affirm the trial court.
The Uniform Partnership Act, as adopted in Florida in 1973, is silent on this question. The statute on which Krauth and First Federal based their action is Section 620.695(1), Florida Statutes (1975):
On application to a court having jurisdiction by any judgment creditor of a partner, the court may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment with interest, and may then or later appoint a receiver of his share of the profits and of any other money due or to become due to him from the partnership, and make all *1108 other orders to take the actions that the debtor partner might have made or that the circumstances of the case may require.
Because there is no specific guidance as to the proper means of apportioning a partnership interest among competing creditors, Section 620.58 applies: "In any case not provided for in this part, the rules of law and equity ... shall govern."
The appellant says that it would be equitable to make a pro rata division, so that each creditor would get at least partial satisfaction if resources for full payment of all were lacking. The principles with which the appellant supports his argument seem derived, however, from situations in which there was a final, determinable sum to be divided, as in the dissolution or winding up of a partnership. He cites, for example, Sacks v. Lytle, 119 Neb. 642, 230 N.W. 501 (1930), a dissolution case. In the appeal now under consideration there is no indication that Fleur de Lis Company was being wound up or the partnership dissolved. Presumably the fund represented by First Continental's partnership interest would continue to change, lending some practical difficulty to a pro rata apportionment. More importantly, "the rules of law and equity" point to a priority method of charging a partnership interest.
A partner's interest in a partnership is personal property. Section 620.685, Florida Statutes (1975). At common law it was subject to levy and sale under execution, but that was changed by the Uniform Partnership Act, which has made the statutory charging order the only means by which a judgment creditor can legally command payment from the debtor's partnership interest. Myrick v. Second National Bank of Clearwater, 335 So.2d 343 (Fla. 2d DCA 1976). The charging order is a flexible court-supervised substitute for the more disruptive process of execution by the sheriff. It therefore seems logical that, in the absence of precedent or statute to the contrary, the method of apportioning payment to judgment creditors from a partnership interest should be parallel to the method of determining priority among judgment creditors seeking execution on other kinds of personal property. In the ordinary execution process, where more than one judgment has been obtained against a debtor, the one first put in the hands of the sheriff for execution should be the first satisfied. Blackstone Holding Co. v. Lawrence, 140 Fla. 703, 192 So. 198 (1939). Execution becomes a lien on personal property from the time the writ is delivered to the sheriff, superior to liens created by writs delivered to the sheriff at later times. Bank of Hawthorne v. Shepherd, 330 So.2d 75 (Fla. 1st DCA 1976); Black v. Miller, 219 So.2d 106 (Fla. 3d DCA 1969).
In line with the principles discussed above, we hold that, where unsecured judgment creditors are concerned, the first to apply to a court of proper jurisdiction for a Section 620.695 charging order has priority for the full satisfaction of his judgment from the debtor's partnership interest. Other judgment creditors achieve priority according to the sequence in which they apply for charging orders. There is no pro rata apportionment of the partnership interest, and it matters not when the judgments were entered nor what efforts may previously have been made to satisfy them by other means.
AFFIRMED.
MOORE, J., and HASTINGS, ALCEE L., Associate Judge, concur.