**FIRST NATIONAL BANK OF VALDOSTA, a national banking corporation, Plaintiff,**

v.

**J. Tom ELGIN and The United States of America, Defendants.**

No. TCA 81–0919.

United States District Court, N.D. Florida, Tallahassee Division.

June 20, 1983.

---

J. Marshall Conrad, Tallahassee, Fla., for plaintiff.

Jane Juliano, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

ORDER

PAUL, District Judge.

In June of 1981, the First National Bank of Valdosta filed suit in the Circuit Court of Leon County, Florida, against J. Tom Elgin for collection on a "consumer collateral" note executed by Elgin in favor of the Bank. The Bank sought foreclosure on Elgin's interest in a Florida limited partnership which was offered as security for the note. The Bank joined the United States of America as a co-defendant because the Government had previously declared a tax lien on Elgin's property, including the partnership interest. The United States was successful in removing the suit from state court to this forum and filed a cross-claim against Elgin and counterclaim against the Bank. Elgin failed to plead, answer or defend the allegations contained in the plaintiff's complaint or in the defendant's cross-claim. Consequently, upon application by both parties, a default was entered against J. Tom Elgin by the Clerk. (Docs 12–16)

The Bank and the United States have stipulated to the material facts involved, filed cross-motions for summary judgment and agree that the issues in this litigation should be disposed of on the basis of summary judgment. The salient legal question presented in this case is whether the Bank's security interest in Elgin's limited partnership interest or the Government's federal tax lien takes priority under the provisions of the Internal Revenue Code, 26 U.S.C.A. § 6323(a) (1967).

A resolution of this issue requires a brief recitation of the pertinent facts. On March 16, 1977, Elgin executed a "consumer collateral" note in favor of the Bank in exchange for a $25,000 loan to finance Elgin's purchase of a one-sixth interest in Commercial Industrial Development, Ltd., a Florida limited partnership. As security for the loan, Elgin assigned to the Bank his interest in the partnership. The Bank, however, did not perfect its security interest by filing a financing statement with the Secretary of State of the State of Florida according to Fla.Stat.Ann. § 679.401 (West Supp.1982).

On May 7, 1979, Elgin was assessed a penalty of $26,244.99 by the United States, pursuant to 26 U.S.C.A. § 6672 (1966), for the willful failure to collect, account for and pay over to the United States certain withholding and FICA taxes due on wages paid to the employees of Elgin Construction

Company, Inc., during the first two quarters of 1977. A Notice of Federal Tax Lien was filed with the Clerk of the Circuit Court in and for Leon County, Florida, on September 5, 1979. Later in October of that year, an officer of the Internal Revenue Service served a Notice of Levy upon the general partner of Commerce Industrial Development, Ltd.

On September 10, 1979, Elgin renewed his note in favor of the Bank and the security interest thereunder. Yet despite this fact, Elgin is in default on the note with a remaining balance of $21,535.85, plus interest accruing since March 16, 1977. In addition, Elgin has not paid his federal tax liabilities which total $26,244.99, plus interest, statutory additions and costs. Both parties wish to satisfy Elgin's unpaid obligations from the debtor's limited partnership interest. The question is which creditor has priority.

■ It is clear that state law governs the nature of the taxpayer's interest in the property subject to the lien, but the priority of competing liens is determined by federal law. *Aquilino v. United States,* 363 U.S. 509, 512, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960). The taxpayer's one-sixth interest in the Florida limited partnership is personal property. Fla.Stat.Ann. § 620.685 (West 1977). The Bank holds an unperfected security interest in the partnership which attached as to the debtor in 1977. Fla.Stat.Ann. §§ 679.204, 679.401(1)(c) (West 1977). The United States has a tax lien on all of Elgin's property, including the partnership interest, which arose at the time of assessment in 1979, 26 U.S.C.A. § 6321 (1967), and was perfected upon proper notice. 26 U.S.C.A. § 6323(f)(2)(B) (1967).

■ Section 6321 of the Internal Revenue Code creates a federal tax lien in favor of the Government reaching all of a delinquent taxpayer's property. However, this lien is "not valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" until proper notice is filed. 26 U.S.C.A. § 6323(a). If proper notice is filed, as it was in this case, then the resolution of the conflicting claims is controlled by the traditional "first in time, first in right" principle. *Urban Indus., Inc. v. Thevis,* 670 F.2d 981, 984 (11th Cir.1982). *See United States v. City of New Britain,* 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954).

Section 6323(h)(1) states that "[a] security interest exists at any time (A) if at such time, the property is in existence and *the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation,* and (B) to the extent that, at such time, the holder has parted with money or money's worth". 26 U.S.C.A. § 6323(h)(1) (1967) (emphasis added). The plaintiff interprets the above underscored language to merely refer to a simple judgment creditor who has not taken further steps to perfect his interest in specific property. On the other hand, the defendant United States, contends that the emphasized language is equivalent to requiring the holder of a security interest to have perfected that security interest against a subsequent lien creditor.

Under the Bank's theory, the Bank's security interest primes the Government's tax lien because an unperfected security interest in a partnership has priority over a subsequent judgment lien unless the judgment creditor obtains a charging order. Fla.Stat.Ann. § 679.301 (1966). *See Krauth v. First Continental Dev-Con, Inc.,* 351 So.2d 1106, 1108 (Fla. 4th DCA 1977) ("statutory charging order [is] the only means by which a judgment creditor can legally command payment from the debtor's partnership interest"). *Myrick v. Second Nat'l Bank of Clearwater,* 335 So.2d 343 (Fla. 2d DCA 1976). Yet the Government's analysis would subordinate the Bank's security interest to the federal tax lien because an unperfected security is primed by a lien creditor without knowledge of the security interest and before it is perfected. Fla. Stat.Ann. 679.301(1) (1966). Florida's version of the Uniform Commercial Code defines a lien creditor as "a creditor who has acquired a lien on the property involved by attachment, levy or the like." Fla.Stat. Ann. 679.301(3) (1966). Therefore, the

Government's position assumes that the "subsequent judgment lien" referred to in section 6323(h)(1) was created by virtue of a charging order.

Recently, the Fifth Circuit Court of Appeals noted that one of the primary Congressional objectives of the Federal Tax Lien Act of 1966 was "to conform the lien provisions of the Internal Revenue Code to the concepts developed in the Uniform Commercial Code". *Rice Investment Co. v. United States,* 625 F.2d 565, 569 (5th Cir. 1980). *See* S.Rep. No. 1708, 89th Cong., 2d Sess. 2 (1966), U.S.Code Cong. & Admin. News, p. 3722. But despite this attempt the term "judgment lien", which was added to section 6323 in 1966, is not found in the U.C.C. "Notwithstanding this incongruity, Courts and commentators have universally concluded that 'protected against a subsequent judgment lien' is equivalent to being protected against the 'lien creditor' described in Section 9–301(3) of the U.C.C." *Dragstrem v. Obermeyer,* 549 F.2d 20, 25 (7th Cir.1977). *See also Asher v. United States,* 570 F.2d 682, 685 n. 6 (7th Cir.1978); *Texas Oil & Gas Corp. v. United States,* 466 F.2d 1040, 1048 n. 8, (5th Cir.1972) *cert. denied,* 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973); *George W. Ultch Lumber Co. v. Hall Plastering, Inc.,* 477 F.Supp. 1060, 1070 (D.Mo.1979). *But see Major Electrical Supplies, Inc. v. J.W. Pettit Co.,* 427 F.Supp. 752 (M.D.Fla.1977).

The Courts which have concluded that "subsequent judgment lien" is equivalent to a "lien creditor" have divided on determining what the appropriate test is for establishing the relative priority of a security interest and a federal tax lien. This schism stems from the Code's requirement that the lien creditor be without knowledge of the unperfected security at the time the lien arises. Some courts have placed the Government in the shoes of a lien creditor. *E.g., United States v. Hunt,* 513 F.2d 129 (10th Cir.1975); *United States v. Ed Lusk Constr. Co.,* 504 F.2d 328 (10th Cir.1974); *United States v. Trigg,* 465 F.2d 1264 (8th Cir.1972). Other courts, however, have developed the "hypothetical judgment lien creditor test" to determine priority. *E.g.,*

*Dragstrem v. Obermeyer,* 549 F.2d 20 (7th Cir.1977). This test does not put the Government in the shoes of a lien creditor, but creates a hypothetical one to avoid the knowledge exception of section 9–301.

■ Knowledge, of course, is not a material fact in this case. Therefore, under either test the Government's federal tax lien has priority over the unperfected security interest held by the Bank. "The better view is that a protected security interest under § 6323(h)(1) means a perfected security interest under Article 9." *George W. Ultch Lumber Co. v. Hall Plastering, Inc.,* 477 F.Supp. at 1070. Under Florida law, the Bank was required to file a financing statement with the Secretary of State to protect its interest against the conflicting claims of third parties, including the United States. This the Bank failed to do.

Accordingly it is ORDERED:

1. Plaintiff, First National Bank's motion for default judgment against defendant J. Tom Elgin is GRANTED.

2. Plaintiff, First National Bank's motion for summary judgment against defendant United States is DENIED.

3. Defendant, United States' motion for default judgment on its cross claim against J. Tom Elgin is GRANTED.

4. Defendant, United States' motion for summary judgment against plaintiff, First National Bank of Valdosta, is GRANTED.

5. Plaintiff, First National Bank, is directed to prepare and present to the Court a final judgment on its claim against defendant, J. Tom Elgin, reserving jurisdiction to hear and determine costs.

6. Defendant, United States, is directed to prepare and present to the Court a final judgment on its counterclaim against First National Bank and a judgment on its cross-claim against J. Tom Elgin, reserving jurisdiction to hear and determine costs.