ZEHMER, Judge.
Blosam Contractors, Inc. (Blosam) appeals an order determining that a charging lien of appellee Joseph F. Luycx (Luycx) has priority over Blosam’s prior perfected security interest in Arlene M. Cooper’s limited partnership interest. We reverse.
On August 7, 1985, Blosam obtained a final judgment for $570,110.50 against Arlene M. Cooper (Cooper), who held an 88.75% general partnership interest in The Beaches Hamlet, Ltd., a Florida limited partnership. To secure the debt to Blosam, Cooper executed, as debtor to Blosam, a UCC-1 financing statement covering her interest in The Beaches Hamlet, Ltd. On October 18, 1985, Blosam filed the UCC-1 with the Florida Secretary of State, pursuant to Chapter 679, Florida Statutes (1985).
On April 14, 1986, in an unrelated case, Luycx obtained a final judgment against Cooper in the amount of $59,573.94 plus 1% of Cooper’s general partnership interest in The Beaches Hamlet, Ltd. On July 18, 1986, Luycx filed an application to charge Cooper’s share in The Beaches Hamlet, Ltd., with the lien of its judgment and the lower court entered an order awarding that interest to Luycx. Cooper moved for a rehearing and Blosam petitioned to intervene for purposes of asserting its security interest. The lower court subsequently entered an amended order charging Cooper’s share in The Beaches Hamlet, Ltd. with payment of the Luycx judgment.
Luycx then filed a petition to determine priorities in the partnership interest, asserting that he had priority over Blosam and requesting the appointment of a receiver. The lower court entered an order finding that the charging order of Luycx had priority over the August 7, 1985 final judgment of Blosam because,
pursuant to Florida Statute 620.695 where unsecured judgment creditors are concerned, first to apply to [a] court of proper jurisdiction for a 620.695 charging order has priority for full satisfaction of his judgment from debtors partnership interest; other judgment creditors achieve priority according to [the] sequence in which they apply for a charging order, there is no pro-rata apportionment of partnership interest, and it matters not when judgments were entered nor what efforts may previously have been made to satisfy them by other means.
In appealing this order, Blosam contends that since Cooper assigned her partnership interest to Blosam and Blosam perfected that interest by filing the UCC-1, Cooper retained no interest subject to being “charged.” Blosam cites Bank of Bethesda v. Koch, 44 Md.App. 350, 408 A.2d 767 (1979), a case that, while not wholly analogous to the instant case, does support Blo-sam’s position. In Koch, the Bank of Bethesda (the Bank) obtained a judgment against Mr. and Mrs. Koch while Mr. Koch owned a 22% interest in the Holly Hills Associates Limited Partnership (Holly Hills). The Bank subsequently obtained an order charging Koch’s interest in Holly Hills with the judgment debt of the Bank and an order against Koch to sell that interest. At that point, Vechery and Bro-derick intervened and moved to set aside the charging order and order to sell on the ground that Mr. Koch assigned his interest in Holly Hills to them prior to obtaining the charging order. The lower court vacated and set aside the orders to charge and sell and the Maryland appellate court affirmed. The appellate court held that at the time the charging order was entered, “there was no interest in Holly Hills held by Koch to be ‘charged’ with the debt,” and explained that a charging order is “nothing more than a legislative means of providing a creditor some means of getting at a debt- or’s ill-defined interest in a statutory bastard, sumamed ‘partnership’.... ” 408 A.2d at 770.
As support for the appealed order, Luycx relies on Krauth v. First Continental Dev-Con, Inc., 351 So.2d 1106 (Fla. 4th DCA 1977), in which the fourth district held that as between unsecured judgment creditors, the first to apply for a charging order has priority for full satisfaction of his judgment from the debtor’s partnership interest. Luycx argues Krauth stands for the proposition that a charging order is the only means by which a judgment creditor can reach a partnership interest. Thus, argues Luycx, the fact that Blosam had *354 filed a UCC-1 financing statement is of no legal effect.
We disagree with Luycx’s interpretation of Krauth. The holding of that case is inapplicable to the instant case because Blosam is not an “unsecured" judgment creditor. The lower court acknowledged in the appealed order that Blosam obtained a security agreement to secure payment of the debt evidenced by the final judgment, and the record contains that agreement. The record also shows that Blosam perfected its security interest by filing the financing statement in accordance with section 679.302(1), Florida Statutes, which states that “[a] financing statement must be filed to perfect all security interests_” Under section 679.301(l)(b), Florida Statutes (1985), “an unperfected security interest is subordinate to the rights of ... [a] person who becomes a lien creditor before the security interest is perfected.” This provision “clearly carries the contrary implication that a perfected security interest is superior to the rights of any subsequent lien creditor.” 47 Fla.Jur.2d Secured Transactions § 325 (1984); 69 Am.Jur.2d Secured Transactions § 507 (1973).
Blosam perfected its security interest by filing the UCC-1 Financing Statement on October 18, 1985, whereas Luycx obtained his judgment against Cooper on April 14, 1986 and obtained the charging order on August 29, 1986. In relation to Blosam, Luycx is a “subsequent lien creditor” of Cooper. Because a perfected security interest is superior to the rights of any subsequent lien creditor, the court erred in subordinating Blosam’s August 7, 1985 judgment to Luycx’s August 29, 1986 charging lien.
The judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
ERVIN and WENTWORTH, JJ., concur.