**In re John R. STOCKS, Debtor.**

**Bankruptcy No. 88–07314–J.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Oct. 25, 1989.

Don Dye, Tallahassee, Fla., for Leisure Properties.

John R. Stocks, pro se.

Ronald A. Mowrey, Tallahassee, Fla., trustee.

## ORDER DENYING MOTION FOR RELIEF FROM STAY

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for a preliminary hearing on the motion of Leisure Properties, Ltd. for relief from the automatic stay under § 362(a) in order to pursue collections on a final judgment in the amount of $1,216,516.11 against the debtor, John R. Stocks, by levy and execution on stock of the partnership interest of Stocks in St. George Island, Ltd., a Florida limited partnership, in which Leisure asserts that Stocks has or had an ownership interest.

This motion by Leisure is but one of several that it filed seeking relief from the stay to pursue various interests of Stocks in real and personal property in order to satisfy its pre-petition judgment against Stocks. That judgment was obtained on November 7, 1985 in the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida, and was duly recorded in the property records of the various counties in which the debtor owned real property. Writs of execution were obtained and docketed with the sheriff of the counties in which the debtor owned personal property. Furthermore, Leisure obtained an order charging the interest of Stocks in St. George Island, Ltd., with a full amount of the final judgment in favor of Leisure. This charging order was dated December 15, 1986, and issued from the Second Judicial Circuit in and for Franklin County, Florida. It further appointed a receiver to receive any share of profits or other money due to Stocks from the limited partnership.

It is clear that in Florida a partner's interest in a limited partnership is personal property. Section 620.149, Florida Statutes; *In re Dutch Inn of Orlando, Ltd.*, 614 F.2d 506 (5th Cir.1980). At common law personal property was subject to levy and sale under execution. This has been modified by the adoption of the Uniform Partnership Act and the Uniform Limited Partnership Act, which has made the statutory charging order the only means by which a judgment creditor can legally com-

mand payment from the debtor's partnership interest. *Myrick v. Second National Bank of Clearwater*, 335 So.2d 343 (Fla. 2nd DCA 1976); *Krauth v. First Continental Dev–Con, Inc.*, 351 So.2d 1106 (Fla. 4th DCA 1977).

In *Myrick* it was recognized that a "foreclosure" of the partnership interest could be entertained under the Uniform Partnership Act. 335 So.2d at 345. That case, however, was decided under Section 620.-695(2), Florida Statutes, which provides that a partner's interest may be redeemed at any time before foreclosure or purchased without thereby causing a dissolution. *Myrick* dealt with the rights of a judgment creditor of a partner in a general partnership under the Uniform Partnership Act. In the instant case no right to foreclose exists because it involves the rights of a judgment creditor of a limited partner in a limited partnership under the Uniform Limited Partnership Act.

The rights of a judgment creditor of a limited partner in Florida are governed by § 620.153, Florida Statutes, which provides "On application to a court of competent jurisdiction by any judgment creditor of a partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest." This statute does not contain a counterpart to a § 620.695(2), Florida Statutes, which authorizes foreclosure and sale.

On December 15, 1986, the date the charging order was issued, Leisure's lien on Stock's partnership interest was perfected. *Krauth*, 351 So.2d at 1108 (priority is fixed between unsecured judgment creditors at time charging order is issued). The fixing of Leisure's priority is important because the trustee acquires the rights of a perfected lien creditor at the commencement of the case. 11 U.S.C. § 544(a); *In re Kolany*, 49 B.R. 781 (Bankr.S.D.Fla.1985). In this case, that occurred on March 13, 1989.

■ The charging order entitles Leisure to the rights of an assignee of the partnership interest. Section 620.153, Florida Statutes. As an assignee of a partnership interest, Leisure is entitled to share in profits and surplus. Section 620.152(1)(c), Florida Statutes; *Dutch Inn*, 614 F.2d at 508. This assignment does not dissolve the limited partnership or entitle the assignee to become or exercise any or the rights or powers of a partner. Section 620.152(1)(b), Florida Statutes. The reason for this assignment rather than allowing a direct levy on the partnership assets is to prevent disruption of the partnership business and the resulting injustice to other partners. *Myrick*, 335 So.2d at 345. This reasoning is especially apposite when dealing with the debt of Stocks, an individual partner in a limited partnership.

■ In its motion and supporting papers, Leisure has made no showing that there are not or will not be sufficient assets in this bankruptcy estate with which to satisfy its judgment in full after an orderly liquidation of those assets by the trustee. Furthermore, determination of the priority of Leisure's judgment lien on the various assets of this estate might not be determined until such time as the trustee has the opportunity to fully investigate the affairs of the debtor and to evaluate the respective positions of all creditors.

The piecemeal pursuit by Leisure of every individual asset on which it asserts its judgment lien may have attached without consideration of that judgment with respect to all of the assets of the estate would seriously disrupt the administration of the estate. Accordingly, the Court determines that the relief sought in the motion should be denied. It is hereby

ORDERED AND ADJUDGED that Leisure's motion for relief from stay be and same is hereby denied.

DONE AND ORDERED.