**In re Morris JAFFE, Debtor.**

**Bankruptcy No. 95–15467–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

June 18, 1999.

Leyza Florin, Miami, FL.

Peter Weisz, Atlanta, GA.

*MEMORANDUM OPINION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO SECURED CLAIMS*

ROBERT A. MARK, Bankruptcy Judge.

This contested matter presents a narrow issue: When is a lien against a partnership

interest perfected under Florida law? The issue is framed by the Chapter 7 trustee's objection to the secured claim filed by Marion & Cass St. Corp. ("Marion"). For the reasons discussed below, the Court finds that Marion failed to perfect a security interest against a partnership interest owned by the debtor since it did not obtain a charging order prior to the petition date. Therefore, the trustee's objection will be sustained.

### Factual and Procedural Background ·

Morris Jaffe ("Debtor"), owned an interest in a partnership known as The Gainesville Downtown Inn Venture (the "Partnership"). This interest became the target of collection proceedings that arose from a final judgment entered on October 14, 1994, in favor of Marion and against the Debtor in a state court case in Polk County, Florida in the amount of $50,000.00, plus interest. After obtaining this judgment against the Debtor, Marion began collection proceedings to satisfy the debt.

On February 9, 1995, Marion filed an Application for Charging Order (the "Application") against the Partnership and H.I. Development Corporation, in the Circuit Court for Hillsborough County, Florida, pursuant to Fla. Stat. § 620.695 and § 620.56 et seq. seeking to establish a valid lien against the Debtor's interest in the Partnership by obtaining a "charging order." By consent of the parties, the venue and forum for the partnership collection process was moved to the Circuit Court in Polk County. Debtor was an existing party to this latter action.

On November 8, 1995, after the Application was filed but before the state court entered a charging order, the Debtor filed a voluntary Chapter 7 petition in this Court. On March 18, 1996, Marion filed two proofs of claim, a secured claim in the amount of $50,000 plus interest (Claim No. 9) and an administrative claim in the amount of $62,723.96 (Claim No. 16) for a total sum of $112,723.96. On October 29, 1997, the trustee filed his Objections to Marion's claims ("Objections"). On November 24, 1998, the Court conducted a hearing and heard argument on the Objections. At the hearing, the Court denied the administrative portion of Marion's claim without prejudice to Marion filing a motion for allowance of an administrative expense claim and reserved ruling on the trustee's objection to the secured portion of Marion's claim. The parties submitted additional memoranda which the Court has now reviewed.

### Discussion

 The parties agree that under Florida law, a judgment creditor may enforce its judgment against a judgment debtor's interest in a partnership by obtaining a court order charging the interest. Specifically, Fl. Stat. § 620.695, a provision in the Uniform Partnership Act in effect at the time of the bankruptcy filing, provided that "the court may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment . . ." See Krauth v. First Continental Dev–Con, Inc., 351 So.2d 1106, 1108 (Fla. 4th DCA 1977)(holding that the Uniform Partnership Act has made the statutory charging order the only means by which a judgment creditor can legally demand payment from a debtor's partnership interest).

The issue here is whether or not Marion's claim is secured by the proceeds from the sale of the Debtor's interest in the Partnership where Marion applied for, but did not obtain, a charging order prior to the bankruptcy. Marion argues that it has a perfected lien which relates back to the date Marion applied for a charging order and thus, enjoys priority over the trustee's perfected judicial lien created as of the petition date. The Trustee disagrees.

Marion relies on Krauth for the proposition that the priority of liens against partnership interests is controlled by the application date of the charging order. In that case, one party brought an action to charge the debtor's interest in a partner-

ship and another party later intervened in the prior party's suit. The state court entered a charging order which gave priority to the creditor which first applied for the order. The district court of appeal affirmed holding that "... the first to apply to a court of proper jurisdiction for a Section 620.695 charging order has priority for the full satisfaction of his judgment from the debtor's partnership interest." 351 So.2d at 1108.

■ *Krauth* does not support the creditor's argument in this case. True, *Krauth* focused on the date on which the competing judgment creditors applied for a charging order. However, unlike here, a charging order was actually issued which perfected the judgment lien of both creditors. The issue in *Krauth* was not whether a lien was perfected, but rather the priority of the two perfected liens. In short, *Krauth* holds that the application date determines the priority of competing liens where each lien was perfected by a charging order. It does not hold that perfection is accomplished simply by filing the application.

Bankruptcy Judge Killian's decision, *In re Stocks*, 110 B.R. 65 (Bkrtcy.N.D.Fla. 1989), correctly analyzes the perfection date of charging orders. In *Stocks*, a creditor named Leisure obtained an order charging the debtor's interest in a partnership on December 15, 1986 long before the debtor filed a bankruptcy case on March 13, 1989. The court noted that the petition date was when the trustee acquired the rights of a perfected lien creditor. The *Stocks* court therefore found that "[o]n December 15, 1986, *the date the charging order was issued,* Leisure's lien on Stock's partnership interest was perfected" and thus Leisure held priority over the Trustee. 110 B.R. at 66. (*emphasis added*). Judge Killian's statement that the lien was perfected when the charging order was issued is not inconsistent with *Krauth*. In fact, the court cited to *Krauth* for this proposition. *Id.*

Cases interpreting similar charging lien statutory provisions from other states support this Court's conclusion that issuance of a charging order is necessary to perfect a lien. *In re Bridgeman*, 197 B.R. 19 (Bankr.D.Conn.1996); *In re Madden*, 174 B.R. 178 (Bankr.E.D.N.Y.1994) (memorandum decision in favor of judgment creditor authorizing creditor to charge debtor's partnership interest was insufficient to perfect a lien where no charging order or judgment was entered in furtherance of the decision).

Although there is no controlling federal authority specifically determining when judgment creditors' liens against partnership interests are perfected, there is some guidance from the Eleventh Circuit in its opinion on perfection of garnishment liens. Specifically, in *Continental Nat. Bank of Miami v. Tavormina (In re Masvidal)*, 10 F.3d 761, 763 (11th Cir.1993) the Court held that "when a garnishor serves a writ of garnishment upon a garnishee and the court *enters judgment on the writ against the garnishee,* the lien created by the judgment on the writ dates back to the date of the initial service of the writ ... Thus, it is the *judgment entered on a writ* of garnishment that creates the 'lien' in favor of the garnishor. Mere service of a writ alone creates no such interest."

Like service of a writ of garnishment, an application for a charging order starts the judicial process for perfecting a lien against a partnership interest. Perfection of the lien, however, does not occur until a court actually enters a charging order. The Court has found no law to support the proposition that an application alone is sufficient to perfect such a lien. Absent perfection by Marion, the trustee's Bankruptcy Code created lien arising at the date of the petition defeats Marion's secured claim. In sum, Marion did not have a perfected lien against the Debtor's partnership interest as of the filing date and thus has no lien against the proceeds.

Therefore, it is—

**ORDERED** as follows:

1. The trustee's Objection to Claim No. 9 Filed by Marion & Cass St. Corp. is sustained.

2. Claim No. 9 will be allowed as a general unsecured claim in the amount of $50,000.00 plus interest at the rate of 12% from October 14, 1994 to the petition date, less $10,600.00,