[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has applied to this court pursuant to General Statutes § 34-171 for a charging order against the defendant's interest in Jai Alai Associates, LLC, a limited liability company. The defendant has filed an objection to the issuance of a charging order claiming that Jai Alai Associates, LLC and the Internal Revenue Service must first be made CT Page 3804 parties to the action. The defendant also contends that no charging order may issue because to do so would allow an unlicensed individual to hold an interest in a jai alai organization in contravention of state law. The court finds that the defendant's objections lack merit and the plaintiff is entitled to a charging order.
Pursuant to General Statutes § 34-171, a judgment creditor of a member of a limited liability corporation may obtain a court order charging the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment with interest.[1] The plaintiff is a judgment creditor of the defendant by means of a judgment in the amount of $161,643.88 entered in its favor against the defendant on August 6, 1997. On November 24, 1997, the court awarded the plaintiff an additional $15,000 in attorney's fees.
The defendant maintains that a charging order may not issue because Jai Alai Associates, LLC has not been made a party to this action. The defendant cites no authority for his position and the court can find no statutory or common law support for such a claim.
The statute governing the issuance of a charging order against a limited liability company, § 34-171, does not require that the limited liability company be made a party to an action seeking such an order. It is not necessary to make a limited liability company a party because a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company. See General Statutes § 34-171. Pursuant to the Connecticut Limited Liability Company Act, General Statutes §§ 34-100 to 34-242, an assignment of a limited liability company interest entitles the assignee to receive only the distributions to which the assignor would be entitled. See General Statutes § 34-170 (a)(2). An assignment does not dissolve the limited liability company or entitle the assignee to participate in the management and affairs of the limited liability company or to become or exercise any rights of a member. See General Statutes § 34-170 (a)(3). An action seeking a charging order does not impact the rights or interests of a limited liability company to the degree necessary to require that it be made a party in order for the action to proceed.
The defendant's claim that the Internal Revenue Service must first be made a party is equally without merit. The defendant asserts that the Internal Revenue Service must be made a party because it has or may claim a lien on the defendant's interest in the limited liability company. Again, the defendant cites no authority for this proposition. It is not necessary for the Internal Revenue Service to be made a pat as any charging order will be subject to any superior rights that the Internal CT Page 3805 Revenue Service may have in the defendant's interest in the limited liability company.
Finally, the defendant contends that a charging order may not issue because under Connecticut law no interest in a jai alai business may be held by an unlicensed individual. Any individual or business engaging in jai alai in Connecticut must attain the appropriate license. See General Statutes § 12-574. This requirement does not prevent the issuance of a charging order pursuant to § 34-171 against an individual's interest in a limited liability company engaged in the jai alai business. As noted previously, a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company, § 34-170 (a)(2), and does not entitle the assignee to participate in the management and affairs of the limited liability company or to become or exercise any rights of a member, §34-170 (a)(3).
Pursuant to § 34-171, the plaintiff is entitled to an order charging the defendant's interest in Jai Alai Associates, LLC. Accordingly, the plaintiffs application for a charging order is granted. The interest of the defendant in Jai Alai Associates, LLC is hereby charged with the payment of the judgment entered in this action. Jai Alai Associates, LLC shall promptly remit to the plaintiff all the distributions of cash, profits and assets of the limited liability company to which the defendant would otherwise be entitled until said judgment is satisfied.[2]
BY THE COURT ____________________ Judge Jon M. Alander