MAKAR, J., concurring in result. A single two-page judgment against three defendants holding them jointly and severally liable was entered in Alabama. A certified copy of that judgment, along with only one of the certificates of authentication (as to corporate defendant Richards Motors) and a required affidavit, was filed with the clerk in Okaloosa County by Win-South Credit Union, which sought to impose a charging lien. Certificates as to co-defendants Christopher Richards and John Eric Richards were not filed, but statutory notice was filed and provided to all affected persons including all three judgment debtors. Under these circumstances, where no discemable prejudice appears, domestication of the collective judgment as to the three defendants was established. Even if the Alabama judgments had not been domesticated, however, reversal is warranted as to the trial court’s determination as to priority, the record showing that Capstone Bank applied for and obtained its perfected charging order prior to that of WinSouth. A charging order is “a remedy that a creditor of a member in an LLC (or of a partner in a limited partnership) can receive from a court that instructs the entity to give the creditor any distributions that would otherwise be paid to the partner or member from the entity.” Alan S. Gassman, After Olmstead: Will a Multiple-member LLC Continue to Have Charging Order Protection?, 84 Fla. B.J. 10, (December 2010); see also Krauth v. First Cont’l Dev-Con, Inc., 351 So.2d 1106, 1108 (Fla. 4th DCA 1977) (“The charging order is a flexible court-supervised substitute for the more disruptive process of execution by the sheriff”). Between competing judgment creditors, the first to obtain an enforceable charging order has priority. See In re Jaffe, 235 B.R. 490, 492 (Bankr. S.D. Fla. 1999) (“[A]n application for a charging order starts the judicial process for perfecting a lien against a partnership interest. Perfection of the lien, however, does not occur until a court actually enters a charging order.”); but see Krauth, 351 So.2d at 1108 (providing that “where unsecured judgment creditors are concerned, the first to apply to a court of proper jurisdiction for a [ ] charging order has priority”). Because a charging order “constitutes a lien on the judgment debtor’s limited liability company interest or assignee rights,” Young v. Levy, 140 So.3d 1109, 1111 (Fla. 4th DCA 2014), issuance of an enforceable charging order requires domestication of the foreign judgment. See Michael v. Valley Trucking Co., Inc., 832 So.2d 213, 215 (Fla. 4th DCA 2002) (explaining that, prior to Florida’s adoption of the Florida Enforcement of Foreign Judgments Act (“FEFJA”), “creditors with foreign judgments had to file an action to domesticate the judgment in Florida and then record the judgment as a Florida judgment in order to create a valid lien”).[1] A charging order issued by a domestic court without foreign judgment domestication would not be perfected upon-the issuance of the charging order.[2] See, e.g., McClure v. JP Morgan Chase Bank NA, 395 P.3d 1123 (Colo. App. 2015) (determining that a domesticated judgment, although later in time, had priority over a first-in-time judgment that had not been domesticated). As a result, we .must review the timing of the parties’ domestication and charging order issuance to determine priority. Here, Capstone Bank filed an action to domesticate its foreign judgment on May 22, 2015 and filed a motion for á charging order on August 11, 2015. Both domestication of the foreign judgment and,issuance of the charging order were granted on September 22, 2015. WinSouth obtained domestication of its foreign judgment in Florida on July 22, 2015, filed a motion for a charging order on August 24, 2015, and obtained á charging order on October 6, 2015. As such,- Capstone Bank" obtained domestication of the foreign judgment on the same, day it was issued a charging order (September 22, 2015), which is permissible. See Lefkowitz v. Quality Labor Mgmt., LLC, 159 So.3d 147, 148 (Fla. 5th DCA 2014) (illustrating, the trial court’s entering of a final judgment and charging order on the same day is allowed). ,Bécause Capstone Bank applied for and obtained a perfected charging order prior to Win-South, Capstone Bank has priority; that WinSouth domesticated its judgment before Capstone Bank does not control. . The FEFJA was enacted to expedite the domestication process. Pratt v. Equity Bank, N.A., 124 So.3d 313, 315-16 (Fla. 5th DCA 2013). But the FEFJA did not eliminate the ability to file an action to domesticate a judgment. See id at 316 (quoting § 55.502(2), Fla. Stat. (2013)) (stating that the FEFJA procedure does not "impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under [the FEFJA]"). , Although a foreign jurisdiction can enter a charging order on a domestic LLC, see Vision Mktg. Res., Inc. v. McMillin Group, LLC, No. 10-2252-KHV, 2015 WL 4390071, at *1, n.11 (D. Kan. July 15, 2015) (finding that "[t]he Court need not have jurisdiction over the LLC entity'itself in order to issue a charging order, when it has jurisdiction over the LLC member because the LLC has ho right or direct interest affected by the charging order”) and Wells Fargo Bank, N.A. v. Barber, 85 F.Supp.3d 1308, 1315 (M.D. Fla. 2015) (stating that "a membership interest in a limited liability company is intangible personal property, which ‘accompanies the person of the owner’ ”), domestication would still be required in order for the charging order to be deemed enforceable. See Carter G. Bishop, LLC Charging Orders: A Jurisdictional & Governing Law Quagmire, 12 No. 3 Busent 14, 21, 46-47 (May/June 2010); Cadle Co. v. Ginsburg, 31 Conn. L. Rptr. 597, 2002 WL 725500 (Conn. Super. March 28, 2012).