724 So.2d 610 (1998)
Charles J. GIVENS, Jr., Robert Givens, et al., Appellants,
v.
NATIONAL LOAN INVESTORS L.P., etc., et al., Appellees.
No. 98-770.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
Rehearing Denied January 25, 1999.
*611 Stephen D. Milbrath of Allen, Dyer, Doppelt, Milbrath & Gilchrist Professional Association, Orlando, for Appellants.
James S. Grodin and John R. Hamilton of Foley & Lardner, Orlando, for Appellees.
COBB, J.
The issue on this appeal is whether Florida's Revised Uniform Limited Partnership Act allows a judgment creditor, with a charging order against a limited partnership interest, to foreclose by means of an execution sale.
In the instant case, a deficiency judgment was entered as a result of a previous mortgage foreclosure suit in favor of National Loan Investors, LP (National). Charles Givens, Jr. was one of the judgment debtors. Ultimately, National obtained charging orders charging the interests of Givens in two limited partnerships. National then asked the court to enter an order transferring Givens' interest to them for purposes of liquidation with the proceeds to be applied against the outstanding deficiency judgment. The trial court entered an order holding, contrary to the argument made by Givens, that an execution sale of a limited partnership interest was allowed under Florida law. We disagree.
The Act, section 620.153, Florida Statutes (1997), provides:
On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. This act does not deprive any partner of the benefit of any exemption laws applicable to his or her partnership interest. Section 620.153, Fla. Stat. (1997). (Emphasis added).
The straightforward language of the statute confers upon a judgment creditor the right to charge the limited partner's interest with payment of the unsatisfied amount of the judgment. The statute further provides that to the extent so charged the judgment creditor has "only the rights of an assignee of the partnership interest." Because the statute says that a judgment creditor has only the rights of an assignee of the partnership interest, it necessarily follows that the creditor may not resort to judicial foreclosure of the partnership interest. Nothing in the Revised Uniform Limited Partnership Act authorizes foreclosure of the charged interest and foreclosure is inconsistent with the statute's limitations upon the creditor's remedies.
The only reported decision in Florida concerning this issue, In Re Stocks, 110 B.R. 65 (Bankr.N.D.Fla.1989), held that Florida's version of the revised Uniform Limited Partnership Act does not permit the execution sale of a limited partnership interest. The matter has been discussed in a Florida Bar Journal article entitled "Asset Protection in the Partnership Context: What's All the Hoopla?", 68 Feb. Fla. B.J. 43, 46 (1994):
A judgment creditor may obtain a charging order against a debtor partner's interest in a limited partnership. However, in contrast to a judgment creditor's rights against a debtor partner's interest in a general partnership, a judgment creditor does not have the right to foreclose against the debtor partner's interest in a limited partnership.... The judgment creditor has only the rights of an assignee of the partnership interest. Unless the partnership agreement provides otherwise, an assignee is not entitled to become a partner in the limited partnership or exercise any rights or powers of a partner in the partnership. *612 Further, the limited partnership agreement can restrict the amount and timing of distributions made to its partners and thereby limit the amount received by the judgment creditor under the charging order. Because a judgment creditor's rights against a debtor partner's interest in a general partnership are greater than those rights against a partner's interest in a limited partnership, practitioners who are concerned with asset protection generally should counsel their clients to consider operating as a limited partnership rather than a general partnership.
We believe the statute means what it says: The Florida Revised Uniform Limited Partnership Act specifically gives a judgment creditor the rights of an assignee[1]nothing more. Accordingly, the order of the trial court is reversed with instructions to follow section 620.153 of the Florida Revised Uniform Limited Partnership Act.[2]
REVERSED WITH INSTRUCTIONS.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] See § 620.152(1)(b), (c), Fla. Stat.
[2] In concluding, we also note that there was ample evidence to support Judge Stroker in determining that Givens' limited partnership interests did not constitute entireties property.