**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2213

In Re: NADER MODANLO,

                                                    Debtor.

--------------------

FINAL    ANALYSIS    COMMUNICATION    SERVICES,
INCORPORATED,

                              Party-in-Interest - Appellant,

NADER MODANLO,

                                        Debtor - Appellant,

          versus

MICHAEL H. AHAN,

                                        Creditor - Appellee,

CHRISTOPHER B. MEAD,

                                        Trustee - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.
(8:06-cv-01168-DKC; BK-05-26549; BK-06-10158)

Submitted:  January 16, 2008      Decided:  February 21, 2008

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and Liam O'GRADY, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Joel S. Aronson, RIDBERG, SHERBILL & ARONSON, L.L.P., Bethesda, Maryland, for Appellant Nader Modanlo; Edward J. Tolchin, FETTMANN, TOLCHIN & MAJORS, P.C., Fairfax, Virginia, for Appellant Final Analysis Communication Services, Inc. Bradford F. Englander, Jennifer D. Larkin, LINOWES AND BLOCHER, L.L.P., Bethesda, Maryland, for Appellee Michael H. Ahan; Richard M. Goldberg, Kimberly M. Stoker, SHAPIRO, SHER, GUINOT & SANDLER, Baltimore, Maryland, for Appellee Christopher B. Mead.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this bankruptcy case, debtor Nader Modanlo and Final Analysis Communication Services, Inc. ("FACS") appeal from the district court's affirmance of the bankruptcy court's order granting trustee Christopher B. Mead's motion for authority to request a subsidiary of the debtor to schedule a shareholders' meeting. Finding no error, we affirm.

I

Modanlo and creditor Michael Ahan were business partners who owned a company called Final Analysis, Inc. ("FAI"); FAI, in turn, wholly owned FACS. After the business relationship between Modanlo and Ahan deteriorated, Ahan, certain FACS shareholders, and FAI's Chapter 7 trustee brought a state court action against Modanlo alleging fraud and related claims. While this litigation was pending, three FAI creditors filed an involuntary petition for bankruptcy against FAI. FAI's Chapter 7 trustee then proceeded to sell certain assets of FAI, including its FACS shares. In response, Modanlo formed New York Satellite Industries, LLC ("NYSI"), a single-member Delaware limited liability company, which purchased FAI's assets, including FACS' shares. Thus, NYSI, under the control of Modanlo, controlled FACS by owning all of its shares of stock.

3

In 2003, a jury in the state court action brought by Ahan, FACS shareholders, and FAI's trustee returned verdicts against Modanlo and in favor of FAI and FACS for several million dollars. A second jury later awarded over $100 million to Ahan for related fraud claims. While these awards were pending on appeal in state court, Modanlo filed a Chapter 11 bankruptcy petition. The primary asset of Modanlo's estate is his ownership of NYSI. In turn, the primary asset of NYSI is its ownership of FACS.[1] Under Delaware law, because Modanlo is the sole member of NYSI, his bankruptcy automatically "dissolved" NYSI.

While Modanlo was in bankruptcy, NYSI obtained a loan from a Swiss company, Prospect Telecom AG ("Prospect"). After NYSI defaulted on its loan, Prospect filed a replevin action in Maryland state court. As a result of this action, NYSI was forced to surrender its FACS stock certificates to Prospect.

In November 2005, Ahan, Modanlo's principal creditor, filed a motion for appointment of a Chapter 11 trustee over Modanlo's estate, arguing that Modanlo was not managing the estate for the benefit of his creditors. The bankruptcy court granted the motion and appointed Mead trustee.

---

[1] When this case was litigated below, FACS was a valuable asset because of a judgment it held against General Dynamics Corporation. However, on appeal, that judgment was vacated, rendering FACS a judgment-debtor of General Dynamics. See Final Analysis Commc'ns Servs., Inc. v. Gen. Dynamics Corp., 2007 WL 3230733 (4th Cir. Nov. 1, 2007).

Mead ascertained that FACS had obtained several loans at very unfavorable terms and had pledged security interests in a judgment that FACS had obtained against General Dynamics Corp. to certain lenders. As a result, Mead determined that it was necessary to take control of FACS to prevent a further deterioration of its value and, thus, the Modanlo estate's value. Mead therefore amended NYSI's LLC agreement and appointed himself, as Modanlo's trustee, as manager of NYSI. Pursuant to his appointment as manager, Mead filed a Chapter 11 petition on behalf of NYSI and commenced the NYSI bankruptcy case.[2] Mead then sought to have FACS call a shareholders' meeting to remove Modanlo and an associate from FACS' board of directors and to have himself put on the board. FACS' secretary requested that Mead seek authorization from the bankruptcy court.

Mead then filed an emergency motion seeking authorization to request that FACS' secretary call a shareholders' meeting. Prior to a hearing on the motion, Mead executed an LLC consent agreement which purported to appoint himself, as personal representative of Modanlo, sole member of NYSI and which declared that NYSI was to continue in operation, its prior dissolution upon Modanlo's filing for bankruptcy notwithstanding.

---

[2]Modanlo contends Mead had no authority to appoint himself as manager of NYSI and therefore that the NYSI bankruptcy filing is invalid. This issue is being litigated separately and is not currently before us.

The bankruptcy court granted Mead's motion for authorization to request that FACS' secretary call a shareholders' meeting, and the district court affirmed. Both courts concluded, first, that an adversary proceeding was not required under the bankruptcy code. Both courts then found that Mead could act as Modanlo's personal representative under Deleware law to revive NYSI after it was dissolved upon Modanlo's bankruptcy. Finally, both courts held inapplicable certain provisions of Deleware law which would seemingly prevent Mead's appointment as a member of NYSI and his revival of NYSI. Modanlo and FACS now appeal.

II

In a bankruptcy appeal, we review the bankruptcy court's decision directly, applying the same standard of review as did the district court. Educ. Credit Mgmt. Corp. v. Frushour, 433 F.3d 393, 398 (4th Cir. 2005); Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). Under this standard, we review legal conclusions de novo and factual findings for clear error. Schlossberg, 380 F.3d at 178.

We have reviewed the decision of the bankruptcy court pursuant to the standard set forth above, and we find no reversible error. Accordingly, we affirm the judgment based substantially on the reasoning of the bankruptcy court. In re Modanlo, No. 05-26549-NVA (Bankr. D. Md. May 19, 2006); In re New York Satellite Indus., LLC,

6

No. 06-10158-NVA (Bankr. D. Md. May 19, 2006).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.[3]

AFFIRMED

---

[3]We previously deferred ruling on Appellees' motion to dismiss this appeal as moot.  We now deny that motion.