LEWIS, J.,
dissenting.
I cannot join my colleagues in the judicial rewriting of Florida’s LLC Act. Make no mistake, the majority today steps across the line of statutory interpretation and reaches far into the realm of rewriting this legislative act. The academic community has clearly recognized that to reach the result of today’s majority requires a judicial rewriting of this legislative act. See, e.g., Carter G. Bishop & Daniel S. Kleinberger, Limited Liability Companies: Tax and Business Law, ¶ 1.04[3][d] (2008) (discussing fact that statutes which do not contemplate issues with judgment creditors of single-member LLCs “invite Albright-style judicial invention ”); Carter G. Bishop, Reverse Piercing: A Single Member LLC Paradox, 54 S.D. L.Rev. 199, 202 (2009); Larry E. Ribstein, Reverse Limited Liability and the Design of Business Associations, 30 Del. J. Corp. L. *84 199, 221-25 (2005) (“The situation in Al-bright theoretically might seem to be better redressed through explicit application of traditional state remedies than by a federal court trying to shoehorn its 'preferred, result into the state LLC statute. The problem ... is that no state remedy is appropriate because the asset protection was explicitly permitted by the applicable statute. The appropriate solution, therefore, lies in fixing the statute.” (emphasis supplied)); Thomas E. Rutledge & Thomas Earl Geu, The Albright Decision — Why an SMLLC Is Not an Appropriate Asset Protection Vehicle, Bus. Entities, Sept.Oct.2003, at 16; Jacob Stein, Building Stumbling Blocks: A Practical Take on Charging Orders, Bus. Entities, Sept.-Oct. 2006, at 29. (stating that the Albright court “ignored Colorado law with respect to the applicability of a charging order” where the “statute does not exempt single-member LLCs from the charging order limitation”). An adequate remedy is available without the extreme step taken by the majority in rewriting the plain and unambiguous language of a statute. This is extremely important and has far-reaching impact because the principles used to ignore the LLC statutory language under the current factual circumstances apply with equal force to multimember LLC entities and, in essence, today’s decision crushes a very important element for all LLCs in Florida. If the remedies available under the LLC Act do not apply here because the phrase “exclusive remedy” is not present, the same theories apply to multimember LLCs and render the assets of all LLCs vulnerable.
I would answer the certified question in the negative based on the plain language of the statute and an in pari materia reading of chapter 608 in its entirety. At the outset, the majority signals its departure from the LLC Act as it rephrases the certified question to frame the result. The question certified by the Eleventh Circuit requested this Court to address whether, ;pursuant to section 608433(í), a court may order a judgment debtor to surrender all “right, title, and interest” in the debt- or’s single-member limited liability company to satisfy an outstanding judgment. The majority modifies the certified question and fails to directly address the critical issue of whether the charging order provision applies uniformly to all limited liability companies regardless of membership composition. In addition, the majority advances a position with regard to chapter 56 of the Florida Statutes that was neither asserted by the parties nor discussed in the opinion of the federal court.
Despite the majority’s claim that it is not creating an exception to the charging order provision of the statute for single-member LLCs, its analysis necessarily does so in contravention of the plain statutory language and general principles of Florida law. The LLC Act inherently displaces the availability of the execution provisions in chapter 56 of the Florida Statutes by providing a remedy that is intended to prevent judgment creditors from seizing ownership of the membership interests in an LLC and from liquidating the separate assets of the LLC. In doing so, the LLC Act applies uniformly to single-and multimember limited liability companies, and does not provide either an implicit or express exception that permits the involuntary transfer of all right, title, and interest in a single-member LLC to a judgment creditor. The statute also does not permit a judgment creditor to liquidate the assets of a non-debtor LLC in the manner allowed by the majority today. Therefore, under the current statutory scheme, a judgment creditor seeking satisfaction must follow the statutory remedies specifically afforded under chapter 608, which include but are not limited to a *85 charging order, regardless of the membership composition of the LLC.
Although this plain reading may require additional steps for judgment creditors to satisfy, an LLC is a purely statutory entity that is created, authorized, and operated under the terms required by the Legislature. This Court does not possess the authority to judicially rewrite those operative statutes through a speculative inference not reflected in the legislation. The Legislature has the authority to amend chapter 608 to provide any additional remedies or exceptions for judgment creditors, such as an exception to the application of the charging order provision to single-member LLCs, if that is the desired result. However, by basing its premise on principles of law with regard to voluntary transfers, the majority suggests a result that can only be achieved by rewriting the clear statutory provisions. In effect, the majority accomplishes its result by judicially legislating section 608.433(4) out of Florida law.
For instance, the majority disregards the principle that in general, an LLC exists separate from its owners, who are defined as members under the LLC Act. See §§ 608.402(21) (defining “member”), 608.404, Fla. Stat. (2008) (“[E]ach limited liability company organized and existing under this chapter shall have the same powers as an individual to do all things necessary to carry out its business and affairs.... ”). In other words, an LLC is a distinct entity that operates independently from its individual members. This characteristic directly distinguishes it from partnerships. Specifically, an LLC is not immediately responsible for the personal liabilities of its members. See Litchfield Asset Mgmt. Corp. v. Howell, 70 Conn.App. 133, 799 A.2d 298, 312 (2002), overruled on other grounds by Robinson v. Coughlin, 266 Conn. 1, 830 A.2d 1114 (2003). The majority obliterates the clearly defined lines between the LLC as an entity and the owners as members.
Further, when the Legislature amended the LLC requirements for formation to allow single-member LLCs, it did not enact other changes to the provisions in the LLC Act relating to an involuntary assignment or transfer of a membership interest to a judgment creditor of a member or to the remedies afforded to a judgment creditor. Moreover, no other amendments were made to the statute to demonstrate any different application of the provisions of the LLC Act to single-member and multimember LLCs. For example, the LLC Act generally does not refer to the number of members in an LLC within the separate statutory provisions. The Legislature is presumed to have known of the charging order statute and other remedies when it introduced the single-member LLC statute. Accordingly, by choosing not to make any further changes to the statute in response to this addition, the Legislature indicated its intent for the charging order provision and other statutory remedies to apply uniformly to all LLCs. This Court should not disregard the clear and plain language of the statute.
In addition, the majority fails to correctly set forth the status of a member in an LLC and the associated rights and interests that such membership entails. An owner of a Florida LLC is classified as a “member,” which is defined as
any person who has been admitted to a limited liability company as a member in accordance with this chapter and has an economic interest in a limited liability company which may, but need not, be represented by a capital account.
§ 608.402(21), Fla. Stat. (2008) (“Definitions”) (emphasis supplied). Therefore, to be a member of a Florida LLC it is now necessary to be admitted as such under *86 chapter 608 and to also maintain an economic interest in the LLC. Moreover, a member of an LLC holds and carries a “membership interest” that encompasses both governance and economic rights:
“Membership interest,” “member’s interest,” or “interest” means a member’s share of the profits and the losses of the limited liability company, the right to receive distributions of the limited liability company’s assets, voting rights, management rights, or any other rights under this chapter or the articles of organization or operating agreement.
§ 608.402(23), Fla. Stat. (2008) (emphasis supplied). This provision was adopted during the 1999 amendments, which was after the modification to allow single-member LLCs. See ch. 99-815, § 1, at 4, Laws of Fla. In stripping the statutory protections designed to protect an LLC as an entity distinct from its owners, the majority obliterates the distinction between economic and governance rights by allowing a judgment creditor to seize both from the member and to liquidate the separate assets of the entity.
Consideration of an involuntary lien against a membership interest must address what interests of the member may be involuntarily transferred. Contrary to the view expressed by the majority, a member of an LLC is restricted from freely transferring interests in the entity. For instance, because an LLC is a legal entity that is separate and distinct from its members, the specific LLC property is not transferable by an individual member. In other words, possession of an economic and governance interest does not also create an interest in specific LLC property or the right or ability to transfer that LLC property. See § 608.425, Fla. Stat. (2008) (stating that all property originally contributed to the LLC or subsequently acquired is LLC property); see also Bishop, supra, 54 S.D. L.Rev. at 226 (discussing in context of federal tax liens the fact that “Mypically, a member is not a co-owner and has no transferable interest in limited liability company property”) (citing Unif. Ltd. Liab. Co. Act § 501 (1996), 6A U.L.A. 604 (2003)). The specific property of an LLC is not subject to attachment or execution except on an express claim against the LLC itself. See Bishop & Kleinberger, supra, ¶ 1.04[3][d].
The interpretation of the statute advanced by the majority simply ignores the separation between the particular separate assets of an LLC and a member’s specific membership interest in the LLC. The ability of a member to voluntarily assign his, her, or its interest does not subject the property of an LLC to execution on the judgment. Under the factual circumstances of the present case, the trial court forced the judgment debtors to involuntarily surrender their membership interests in the LLCs and then authorized a receiver to liquidate the specific LLC assets to satisfy the judgment. In doing so, the trial court ignored the clearly recognized legal separation between the specific assets of an LLC and a member’s interest in profits or distributions from those assets. See F.T.C. v. Peoples Credit First, LLC, No. 8:03-CV-2353-T-TBM, 2006 WL 1169677, *2 (M.D.Fla. May 3, 2006) (ordering the appellants to “endorse and surrender to the Receiver, all of their right, title and interest in their ownership/equity unit certificates” of the LLCs for the receiver to liquidate the assets of these companies). The majority approves of this disregard by improperly applying principles of voluntary transfers to allow creditors of an LLC member to attack and liquidate the separate LLC assets.
Additionally, the transfer of a membership interest is restricted by law and by the internal operating documents of the *87 LLC. Although a member may freely transfer an economic interest, a member may not voluntarily transfer a management interest without the consent of the other LLC members. See § 608.432(1), Fla. Stat. (2008). Contrary to the view of the majority, in the context of a single-member LLC, the restraint on transferability expressly provided for in the statute does not disappear. Unless admitted as a member to the LLC, the transferee of the economic interest only receives the LLC’s financial distributions that the transferring member would have received absent the transfer. See § 608.432(2), Fla. Stat. (2008); see also Bishop & Kleinber-ger, supra, ¶ 1.01[3][c], Consequently, a member may cease to be a member upon the assignment of the entire membership interest (i.e., transferring all of the following: (1) share of the profits and losses of the LLC, (2) right to receive distributions of LLC assets; (3) voting rights, (4) management rights, and (5) any other rights). See §§ 608.402(23), 608.432(2)(c), Fla. Stat. (2008). Furthermore, a transferring member no longer qualifies under the statutory definition of “member” upon a transfer of the entire economic interest. See § 608.402(21), Fla. Stat. (2008) (defining “member” as a person who has an economic interest in an LLC). However, unless otherwise provided in the governing documents of the entity (i.e., the articles of incorporation and the operating agreement), the pledge or granting of “a security interest, lien, or other encumbrance in or against, any or all of the membership interest of a member shall not cause the member to cease to be a member or to have the power to exercise any rights or powers of a member.” § 608.432(2)(c), Fla. Stat. (2008) (emphasis supplied). Accordingly, a judgment or a charging order does not divest the member of a membership interest in the LLC as the member retains governance rights. It only provides the judgment creditor the economic interest until the judgment is satisfied.
Whether the LLC Act allows a judgment creditor of an individual member to obtain this entire membership interest to exert full control over the assets of the LLC is the heart of the underlying dispute. Neither the Uniform Limited Liability Company Act nor the Florida LLC Act contemplates the present situation in providing for single-member LLCs but restricting the transferability of interests. This problematic issue is not one solely limited to our state, though our decision must be based solely on the language and purpose of the Florida LLC Act. Thus, in my view, this Court must apply the plain meaning of the statute unless doing so would render an absurd result. In contrast, the majority simply rewrites the statute by ignoring those inconvenient provisions that preclude its result.

Legislative Intent With Regard to the Rights of a Judgment Creditor of a Member

I understand the policy concerns of the FTC and the majority with the inherent problems in the transferability of both governance and economic interests under the LLC Act because the plain language does not contemplate the impact of a judgment creditor seeking to obtain the entire membership interest of a single-member LLC and to obtain the ability to liquidate the assets of the LLC. The Florida statute simply does not create a different mechanism for obtaining the assets of a single-member LLC as opposed to a multimem-ber LLC and, therefore, there is no room in the statutory language for different rules.
However, I decline to join in rewriting the statute with inferences and implications, which is the approach adopted by the majority. This Court generally avoids
*88 “judicial invention,” as accomplished by the majority, when the statute may be construed under the plain language of the relevant legislative act. See Bishop & Kleinberger, supra, ¶ 1.04[3][d]. In construing a statute, we strive to effectuate the Legislature’s intent by considering first the statute’s plain language. See Kasischke v. State, 991 So.2d 803, 807 (Fla.2008) (citing Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)). When, as it is here, the statute is clear and unambiguous, we do not “look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005). This is especially applicable in the instance of a business entity created solely by state statute.
If the statute had been written as the majority suggests here, I would agree with the result requested by the FTC. However, the underlying conclusion lacks statutory support. By reading only self-selected provisions of the statute to support this result, the majority disregards the remainder of the LLC Act, which destroys the isolated premise that the charging order provision only applies to multimember LLCs and that other statutory restrictions do not exist.
Additionally, exceptions not found within the statute cannot simply be read into the statute, as the majority does by holding that single-member LLCs are an implicit exception to the charging order provision. The remedy provided to the FTC by the federal district court and approved by the majority in this instance — that a judgment creditor of a single-member LLC is entitled to receive a surrender and transfer of the full right, title, and interest of the judgment debtor and to liquidate the LLC assets — is not provided for under the plain language of the LLC Act without judicially writing an exception into the statute.

Judgment Creditor Can Charge the Debtor Member’s Interest in the LLC With Pagment of the Unsatisfied Judgment

As a construct of statutory creation, an LLC is an entity separate and distinct from its members, and thus the liability of the LLC is not directly imputed to its members. In a similar manner, the liability of individual members is not directly imposed separately upon the LLC.
Although a member’s interest in an LLC is considered to be personal property, see § 608.431, Fla. Stat. (2008), and personal property is generally an asset that may be levied upon by a judgment creditor under Florida law, see § 56.061, Fla. Stat. (2008), there are statutory restrictions in the LLC context. Any rights that a judgment creditor has to the personal property of a judgment debtor are limited to those provided by the applicable creating statute.
The appellants contend that if a judgment creditor may seek satisfaction of a member’s personal debt from a non-party LLC, the plain language of the LLC Act limits the judgment creditor to a charging order. See § 608.433(4), Fla. Stat. (2008). A charging order is a statutory procedure whereby a creditor of an individual member can satisfy its claim from the member’s interest in the limited liability company. See Black’s Law Dictionary 266 (9th ed.2009) (defining term in the context of partnership law). It is understandable that the FTC challenges the charging order concept being deemed a remedy for a judgment creditor because, from the creditor’s perspective, a charging order may not be as attractive as just seizing the LLC assets. For example, a creditor may not receive any satisfaction of the judgment if there are no actual distributions from the LLC to the judgment creditor through the debtor-member’s economic interest. See Elizabeth M. Schurig & Amy P. Jetel, A *89 Shocking Revelation! Fact or Fiction? A Charging Order is the Exclusive Remedy Against a Partnership Interest, Probate & Property, Nov.-Dec.2003, at 57, 58. The preferred creditor’s remedy would be a transfer and surrender of the membership interest that is subject to the charging order, which is a more permanent remedy and may increase the creditor’s chances of having the debt satisfied. See id.
The application of the charging order provision, including its consequences and implications, has been hotly debated in the context of both partnership and LLC law because of the similarities of these entities. The language of the charging order provision in the Revised Uniform Limited Partnership Act (1976), as amended in 1985, is virtually identical to that used in the Uniform Limited Liability Company Act, as well as in the Florida LLC Act. See §§ 608.433(4), 620.153, Fla. Stat. (2008). The Uniform Limited Partnership Act of 2001 significantly changed this provision by explicitly allowing execution upon a judgment debtor’s partnership interest. See Schurig & Jetel, supra, at 58. However, the Florida Partnership Act provides that a charging order is the exclusive remedy for judgment creditors. See § 620.8504(5), Fla. Stat. (2008) (stating the charging order provision provides the “exclusive remedy by which a judgment creditor of a partner or partner’s transferee may satisfy a judgment out of the judgment debtor’s transferable interest in the partnership”). In the context of partnership interests, Florida courts have also determined that a charging order is the exclusive remedy for judgment creditors based on the straightforward language of the statute. See Givens v. Nat’l Loan Investors L.P., 724 So.2d 610, 612 (Fla. 5th DCA 1998) (holding that charging order is the exclusive remedy for a judgment creditor of a partner); Myrick v. Second Nat’l Bank of Clearwater, 335 So.2d 343, 345 (Fla. 2d DCA 1976) (substantially similar). The Florida LLC Act has neither adopted an explicit surrender-and-transfer remedy nor does it include a provision explicitly stating that the charging order is the exclusive remedy of the judgment creditor. The plain language of the charging order provision only provides one remedy that a judgment creditor may choose to request from a court and that the court may, in its discretion, choose to impose. See § 608.433(4), Fla. Stat. (2008).
To support its conclusion that charging orders are inapplicable to single-member LLCs, the majority compares the provision in the partnership statute that mandates a charging order as an exclusive remedy to the non-exclusive provision in the LLC Act. The exclusivity of the remedy is irrelevant to this analysis. By relying on an inapplicable statute, the majority ignores the plain language of the LLC Act and the other restrictions of the statute, which universally apply the use of a charging order to judgment creditors of all LLCs, regardless of the composition of the membership. The majority opinion now eliminates the charging order remedy for multimember LLCs under its theory of “nonexclusivity” which is a disaster for those entities.

Plain Meaning of the Statute’s Actual Language

The charging order provision does not act as a reverse-asset shield against the creditors of a member. Instead, the LLC Act implements statutory restrictions on the transfer and assignment of membership interests in an LLC. These restrictions limit the mechanisms available to a judgment creditor of a member of any type of LLC to obtain satisfaction of a judgment against the membership interest. Specifically, section 608.433(4) grants a court of competent jurisdiction the discre *90 tion to enter a charging order against a member’s interest in the LLC in favor of the judgment creditor:
608.433. Right of assignee to become member.—
(1) Unless otherwise provided in the articles of organization or operating agreement, an assignee of a limited liability company interest may become a member only if all members other than the member assigning the interest consent.
(2) An assignee who has become a member has, to the extent assigned, the rights and powers, and is subject to the restrictions and liabilities, of the assigning member under the articles of organization, the operating agreement, and this chapter. An assignee who becomes a member also is liable for the obligations of the assignee’s assignor to make and return contributions as provided in s. 608.4211 and wrongful distributions as provided in s. 608.428. However, the assignee is not obligated for liabilities which are unknown to the as-signee at the time the assignee became a member and which could not be ascertained from the articles of organization or the operating agreement.
(3) If an assignee of a limited liability company interest becomes a member, the assignor is not released from liability to the limited liability company under ss. 608.4211, 608.4228, and 608.426.
(4) On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the limited liability company membership interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of such interest. This chapter does not deprive any member of the benefit of any exemption....
§ 608.433, Fla. Stat. (2008) (emphasis supplied).
The majority asserts that the placement of the charging order provision within the section titled “Right of assignee to become member” mandates that the provision only applies to circumstances where the interest of the member is subject to the rights of other LLC members. There is absolutely nothing to support the notion that the Legislature’s placement of the charging order provision as a subsection of section 608.433, instead of as a separately titled section elsewhere in the statute, was intended to unilaterally link its application only to the multimember context. For instance, the Revised Uniform Limited Liability Company Act, unlike the Florida statute, places the charging order provision as a separately titled section within the article that discusses transferable interests and rights of transferees and creditors. See Unif. Ltd. Liab. Co. Act § 503 (revised 2006), 6B U.L.A. 498 (2008). Other states have also adopted a statutory scheme that places the charging order remedy within a separate provision specifically dealing with the rights of a judgment creditor. See Conn. Gen.Stat. § 34-171 (2007). Thus, the majority’s interpretation would again fail by a mere movement of the charging order provision to a separately titled section within the Act.
In contrast to the majority, my review of this provision begins with the actual language of the statute. In construing a statute, it is our purpose to effectuate legislative intent because “legislative intent is the polestar that guides a court’s statutory construction analysis.” See Polite v. State, 973 So.2d 1107, 1111 (Fla.2007) (citing Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003)) (quoting State v. J.M., 824 So.2d 105, 109 (Fla.2002)). A statute’s *91 plain and ordinary meaning must be given effect unless doing so would lead to an unreasonable or absurd result. See City of Miami Beach v. Galbut, 626 So.2d 192, 198 (Fla.1998). Here, the plain language establishes a charging order remedy for a judgment creditor that the court may impose. This section provides the only mechanism in the entire statute specifically allocating a remedy for a judgment creditor to attach the membership interest of a judgment debtor. In the multimem-ber context, the uncontested, general rule is that a charging order is the appropriate remedy, even if the language indicates that such a decision is within the court’s discretion. See Myrick, 335 So.2d at 344. As the Second District explained:
Rather, the charging order is the essential first step, and all further proceedings must occur under the supervision of the court, which may take all appropriate actions, including the appointment of a receiver if necessary, to protect the interests of the various parties.
Id. at 345. Without express language to the contrary, the discretionary nature of this remedy applies with equal force to single-and multimember LLCs, which the majority erases from the statute.
Nevertheless, the certified question before us is not the discretionary nature of this remedy but whether a court should even apply the charging order remedy to single-member LLCs. The majority rephrases the question certified to this Court as not considering whether an exception to the charging order provision should be implied for single-member LLCs. In doing so, the majority unjustifiably alters and recasts the question posited by the federal appellate court to fit the majority’s result. The convoluted alternative presented by the majority is premised on a limited application of a charging order without express language in the statutory scheme to support this assertion.
Here, the plain language crafted by the Legislature does not limit this remedy to the multimember circumstance, as the majority holds. Further, exceptions not made in a statute generally cannot be read into the statute, unless the exception is within the reason of the law. See Cont’l Assurance Co. v. Carroll, 485 So.2d 406, 409 (Fla.1986) (“This Court cannot grant an exception to a statute nor can we construe an unambiguous statute different from its plain meaning.”); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla.1952) (“We apprehend that had the legislature intended to establish other exceptions it would have done so clearly and unequivocally. ... We cannot write into the law any other exception-”). Thus, without going behind the plain language of the statute, at first blush, the statute applies equally to all LLCs, regardless of membership composition.
The distinction asserted by the FTC is clearly inconsistent with the plain language of section 608.434 with regard to the proper method for a judgment creditor to reach the interest of a member in a LLC in that a complete surrender of the membership interest and the subsequent liquidation of the LLC assets are not contemplated by the LLC Act. The majority’s interpretation that the charging order remedy only applies to multimember LLCs can only be given effect if the plain language of this provision renders an absurd result, which it does not.
The purpose of creating the charging order provision was never limited to the protection of “innocent” members of an LLC. Moreover, when amending the LLC Act to permit single-member LLCs, the Legislature did not also amend the assignment of interest and charging order provisions to create different procedures for *92 single-and multimember LLCs. The appellants argue that this indicates a manifestation of legislative intent; however, it appears more likely that our Legislature, as with many other states, had not yet contemplated the situation before us. Even so, the appropriate remedy in this circumstance is not for this Court to impose its speculative interpretation, but for the Legislature to amend the statute to reflect its specific intention, if necessary. When interpreting a statute that is unambiguous and clear, this Court defers to the Legislature’s authority to create a new limitation and right of action. Here, the actual language of the statute does not distinguish between the number of members in an LLC. Thus, the charging order applies with equal force to both single-member and multimember LLCs, and the assignment provision of section 608.433 does not render an absurd result.
The majority purports to base its analysis on the plain language of the statute. However, the FTC and a multitude of legal theorists agree that the plain language of the statute does not support this result. See e.g., Bishop & Kleinberger, supra, ¶ 1.04[3][d]; Bishop, supra, 54 S.D. L.Rev. at 202; Ribstein, supra, 30 Del. J. Corp. L. at 221-25; Rutledge & Geu, supra, Bus. Entities, Sept.-0ct.2003 at 16; Stein, supra, Bus. Entities, Sept.-0ct.2006 at 28. All authorities recognize that the sole way to achieve the result desired by the FTC and the majority is to ignore the plain language of the statute. No external support exists for the majority’s bare assertions.

Rights of an Assignee

The plain language of section 608.433(4) applies the charging provision to the judgment creditor of both a single-member and multimember LLC. The next analytical step is to determine what rights that charging order provision grants the judgment creditor. To the extent that a membership interest is charged with a judgment, the plain text of the statute specifically provides that the judgment creditor only possesses the rights of an assignee of such interest. See § 608.433(4), Fla. Stat. (2008) (“To the extent so charged, the judgment creditor has only the rights of an assignee of such interest.”).
To determine the rights of an assignee of such an interest, we look to section 608.432, which defines these rights. To divine the intent of the Legislature, we construe related statutory provisions together, or in pari materia, to achieve a consistent whole that gives full, harmonious effect to all related statutory provisions. See Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 199 (Fla.2007) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992)). The FTC asserts that the rights delineated in this section render an absurd result when applied to single-member LLCs; however, the FTC ignores that the same rule applies even if only a part of a member’s interest is needed to satisfy a debt amount. Further, an assignee is entitled solely to an economic interest and is not entitled to governance rights without the unanimous approval of the other members or as otherwise provided in the articles of incorporation or the operating agreement.
The plain reading of this provision does not establish the judgment creditor as an assignee of such interest, only that to the extent of the judgment amount charged to the economic interest, the judgment creditor has the same rights as an assignee. Though section 608.433(4) directs that the judgment creditor has only the rights of an assignee of such interest, as provided in section 608.432, it is important to clarify that the judgment creditor does not be *93 come an assignee; the language merely indicates that the judgment creditor’s rights do not exceed those of an assignee.
This clear distinction can be seen when considering the voluntary and involuntary nature of these different interests — an assignment is generally a voluntary action made by an assignor, whereas a charging order is clearly an involuntary assignment by a judgment debtor. For that reason, the majority formulates a false conclusion that section 608.433(1) provides a foundation for the bare assertion that a charging order is inapplicable in the context of a single-member LLC. Exploiting this false foundation, the majority asserts a result that is unsupportable when considered in pari materia with the entirety of the statutory scheme.
The question before this Court requires articulation of a general principle of law that applies to all types of judgments, whether less than, equal to, or greater than the value of a membership interest, and to all types of LLCs. Reading section 608.433(4) and 608.432 together, a judgment creditor may be assigned a portion of the economic interest, depending on the amount of the judgment. This provision contemplates that a charging order may not encompass a member’s entire membership interest if the judgment is for less than the available economic distributions of an LLC. For instance, if the LLC membership interest here were worth more than the $10 million judgment, it would be unnecessary under this provision to transfer the full economic interest in the LLC to satisfy the judgment. Further, a member does not lose the economic interest and membership status unless all of the economic interest is charged to the judgment creditor. See § 608.432(2)(e), Fla. Stat. (2008). Thus, if the judgment were for less than the value of either the membership interest or the assets in the LLC, the members could transfer a portion of their economic interest and still retain their membership interest, in that they would still hold an economic and governance interest in the LLC. The FTC would then only have the right to receive distributions or allocations of income in an amount corresponding to satisfaction of a partial economic interest. Regardless of the amount of the interest assigned, the judgment creditor does not immediately receive a governance interest. See § 608.432(1), (2), Fla. Stat. (2008).
In such a circumstance, the result contemplated by the FTC does not come to pass — the single member maintains his, her, or its membership rights because a member only ceases to be a member and to have the power to exercise any governance rights upon assignment of all of the economic interest of such member. See id. The majority disregards this factual possibility and considers only the application of the statutory scheme in the context of a judgment that is equal to or greater than the value of the membership interest. Under the majority’s interpretation of the statute, a judgment creditor could force a single-member LLC to surrender all of its interest and liquidate the assets specifically owned by the LLC, even if the judgment were for less than the assets’ worth.

Alternative Remedies

Currently, the plain language of the statute provides additional remedies to the charging order provision for judgment creditors seeking satisfaction on a judgment that is equal to or greater than the economic distributions available under a charging order — (1) dissolution of the LLC, (2) an order of insolvency against the judgment debtor, or (3) an order conflating the LLC and the member to allow a court to reach the property assets of the LLC. First, upon the issuance of a charging order that exceeds a member’s economic *94 interest in an LLC for satisfaction of the judgment, dissolution may be achieved because the remaining member ceases to possess an economic interest and governance rights in the LLC following the assignment of all of its membership interest. See § 608.432(2)(c), Fla. Stat. (2008) (“Assignment of member’s interest”). The statutory provision with regard to the assignment of a member’s interest provides, in relevant part:
(2) Unless otherwise provided in the articles of organization or operating agreement:
[[Image here]]
(c) A member ceases to be a member and to have the power to exercise any rights or powers of a member upon assignment of all of the membership interest of such member. Unless otherwise provided in the articles of organization or operating agreement, the pledge of, or granting of a security interest, lien, or other encumbrance in or against, any or all of the membership interest of a member shall not cause the member to cease to be a member or to have the power to exercise any rights or powers of a member.
Id. (emphasis supplied). This demonstrates a clear and unambiguous distinction between a voluntary assignment of all the interest and the granting of an encumbrance against any or all of the membership interest. Because a “member” is defined as an actual or legal person admitted as such under chapter 608, who also has an economic interest in the LLC, it is the assignment of all of that economic interest that divests the member of his, her, or its status and power. Thus, if the charging order is only for a part of the economic interest held by the judgment debtor, the statute does not require that the member cease to be a member. See §§ 608.402(21), 608.432(2)(c), Fla. Stat. (2008). If, on the other hand, the charging order is to the extent that it requires a surrender of all of the member’s economic interest, in that circumstance, the member ceases to be a member under section 608.432(2)(c). In the case of a member-managed LLC, this would leave the LLC without anyone to govern its affairs. However, within the manager-managed LLC context, the manager would remain in a position to direct the LLC and distribute any profits according to any governing documents.
This provision need not be limited to single-member LLCs. For example, if the appellants had entered into a multimember LLC, that entity would be subject to the same statutory construction issues as a single-member LLC. Once the FTC obtained a judgment against a member of the multimember LLC, a charging order would be lodged against that member’s interest. In that circumstance, though there may be charging orders against separate membership interests, in essence the same divestiture of the membership interest would occur if the judgment was for all of each member’s economic interest.
It is important to note, however, if an LLC becomes a shell or legal fiction with no actual governing members, the LLC shall be dissolved under section 608.441. The dissolution statute provides:
(1) A limited liability company organized under this chapter shall be dissolved, and the limited liability company’s affairs shall be concluded, upon the first to occur of any of the following events:
[[Image here]]
(d) At any time there are no members; however, unless otherwise provided in the articles of organization or operating agreement, the limited liability company is not dissolved and is not required to be wound up if, within 90 days, or such other period as provided in the *95 articles of organization or operating agreement, after the occurrence of the event that terminated the continued membership of the last remaining member, the personal or other legal representative of the last remaining member agrees in writing to continue the limited liability company and agrees to the admission of the personal representative of such member or its nominee or designee to the limited liability company as a member, effective as of the occurrence of the event that terminated the continued membership of the last remaining member; or
[[Image here]]
(4) Following the occurrence of any of the events specified in this section which cause the dissolution of the limited liability company, the limited liability company shall deliver articles of dissolution to the Department of State for filing.
§ 608.441(l)(d), (4), Fla. Stat. (2008) (emphasis supplied). A dissolved LLC continues its existence but does not carry on any business except that which is appropriate to wind up and liquidate its business and affairs under section 608.4431. Once dissolved, the liquidated assets may then be distributed to a judgment creditor holding a charging order. See § 608.444(1), Fla. Stat. (2008).
The judgment creditor may also seek an order of insolvency against the individual member, in which instance that member ceases to be a member of the single-member LLC, and the member’s interest becomes part of the bankruptcy estate. In Florida, the commencement of a bankruptcy proceeding also terminates membership within an LLC. See §§ 608.402(4), 608.4237, Fla. Stat (2008). The decisions advanced by the FTC involved bankruptcies of the judgment debtor, and the rights of a judgment creditor in a bankruptcy are substantially different than the rights of a judgment creditor generally. See In re Modanlo, 412 B.R. 715 (Bankr.D.Md.2006), aff'd, No. 06-2213, 266 Fed.Appx. 272, 2008 WL 481957 (4th Cir.2008); In re Albright, 291 B.R. 538, 539 (Bankr.D.Colo.2003). Upon commencement of a bankruptcy proceeding, a bankruptcy estate includes all legal or equitable property interests of the debtor. An LLC membership interest is the personal property of the member. Therefore, when a judgment debtor files for bankruptcy, or is subject to an order of insolvency, the judgment debtor effectively transfers any membership interest in an LLC to the bankruptcy estate. In this context, it is reasonable for the bankruptcy courts to construe the LLC Act to no longer require a charging order because the judgment debtor has passed the entire membership interest to the bankruptcy estate, and the trustee stands in the shoes of the judgment debtor, who is now seeking reorganization of its assets. See, e.g., In re Albright, 291 B.R. at 541. The majority refuses to even acknowledge any of these approaches.
This bankruptcy context is distinguishable from the general case of a judgment creditor seeking to execute upon the assets of an LLC because the judgment may not meet or exceed the economic interest remaining in the LLC. Thus, the Albright bankruptcy situation should not alter our determination that the plain language of the statute applies the charging order provision to both single-and multimember LLCs. This may be a more complicated procedure than to allow a court to simply “shortcut” and rewrite the law and enter a surrender-and-transfer order of a member’s entire right, title, and interest in an LLC as the majority accomplishes today. However, it is the method prescribed by the statute. Although the procedures created by the statute may involve multiple steps and legal proceedings, they are not *96 absurd or irreconcilable with chapter 608 as a whole.

A Charging Order, in and of Itself, Does Not Entitle a Judgment Creditor to Seize and Dissolve a Florida LLC

Based on the plain language of the statute and the construction of chapter 608 in pan materia, I would answer the certified question in the negative: A court may not order a judgment debtor to surrender and transfer outright all “right, title, and interest” in the debtor’s single-member LLC to satisfy an outstanding judgment. If a judgment creditor wishes to proceed against a single-member LLC, it may first request a court of competent jurisdiction to impose a charging order on the member’s interest. If the judgment creditor is concerned that the member is constraining distribution of assets and incomes, the creditor may seek judicial remedies to enforce proper distribution. In addition, if the economic interest so charged is insufficient to satisfy the judgment, the judgment creditor may move through additional proceedings: (1) seek to dissolve the LLC and to have its assets liquidated and subsequently distributed to the judgment creditor; (2) seek an order of insolvency against the judgment debtor, in which case the trustee of the bankruptcy estate will control the assets of the LLC, or (3) request a court to pierce the liability shield to make available the personal assets of the company to satisfy the personal debts of its member. This plain reading of chapter 608 may create additional steps for judgment creditors and judgment debtors to satisfy, as characterized by the federal district court in this case. However, only the Legislature, as the architects of this statutorily created entity, has the authority to provide a more streamlined surrender of these rights, not the judicial branch through selective reading and rewriting of the statute. As enacted, the plain meaning of the statute is unambiguous and does not require “judicial invention” of exceptions that are clearly not provided in the LLC Act. If the Legislature wishes to make either an exception to the charging order provision for single-member LLCs or to provide additional remedies to judgment creditors, it may do so through an amendment of chapter 608.
Accordingly, I would answer the certified question in the negative. Under Florida law, a court does not have the authority to order an LLC member to surrender and transfer all right, title, and interest in an LLC and have LLC assets liquidated without first going through the statutory requirements created by the Legislature.
POLSTON, J., concurs.